**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RACHEL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PENTAGROUP FINANCIAL, LLC , | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

**MATTERS COMMON TO MULTIPLE CLAIMS**

**INTRODUCTION**

1.     Plaintiff Rachel Johnson brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Pentagroup Financial, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and  the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2.     The FDCPA broadly prohibits unfair or unconscionable collection methods;  conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.     The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse."  225 ILCS 425/1a.

1

## VENUE AND JURISDICTION

4.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337, 1367.

5.     Venue and personal jurisdiction in this District are proper because:

a.     Defendant's collection communications were received by plaintiff within this District;

b.     Defendant transacts business within this District.

## PARTIES

6.     Plaintiff Rachel Johnson  is an individual who resides in the Northern District of Illinois.

7.     Defendant Pentagroup Financial, LLC is a limited liability company chartered under Texas law.  It does business in Illinois.  Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

8.     Pentagroup Financial, LLC  is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9.     Pentagroup Financial, LLC  is a debt collector under  the FDCPA.

10.     Pentagroup Financial, LLC is a collection agency subject to the ICAA.

## FACTS

11.     Defendant has been attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

12.     During April 2011, plaintiff received the following telephone messages from defendant:

a.     Fri., Apr. 8, 2011:

**Good Morning Ms. Johnson, my name is Lisa and I was told to provide you some information, Ms. Johnson and I need to speak either to you or your attorney. So if you would contact my office immediately. My direct number is 800 620-7157. Again my number is Lisa and it is very important that I speak to either you or your attorney, Ms. Johnson. Thank you.**

2

      b.       Thur., Apr. 7, 2011:

**Good Morning Ms. Johnson, my name is Lisa and I was told to provide you with some information Ms. Johnson, from my client. I'm not showing an attorney on file, so if either you or your attorney will give me a call back at 1 800 620-7157. Again its 1 800 620-7157. I need to give you a couple of options, Ms. Johnson umm how to take care of this matter voluntary.**

      c.       Fri., Apr. 8, 2011 (again):

**Good Morning Ms. Johnson, my name is Lisa and I was told to provide you some information, Ms. Johnson and I need to speak either to you or your attorney. So if you would contact my office immediately. My direct number is 800 620-7157. Again my number is Lisa and it is very important that I speak to either you or your attorney, Ms. Johnson. Thank you.**

13.      The  number 800-620-7157 is issued to defendant.

14.      The calls did not identify  the company calling or state that the calls were for debt collection purposes.

15.      Plaintiff, after some time and effort using the Internet, was able to identify the caller.

## COUNT I – FDCPA

16.      Plaintiff incorporates paragraphs 1-15.

17.      Defendant's telephone  messages violated 15 U.S.C. §§1692e and 1692e(11), as well as 15 U.S.C. §1692d(6).

18.      Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e.  *Ramirez v. Apex Financial Mgmt., LLC,* 567 F.Supp.2d 1035 (N.D.Ill. 2008);  *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006); *Leyse v. Corporation Collection Servs.*, 03 Civ. 8491, 2006 U.S.Dist. LEXIS 67719

3

(S.D.N.Y. Sept. 18, 2006).

19.    The telephone messages violate 15 U.S.C. §1692d(6) and 15 U.S.C. §§1692e and 1692e(11) because:

a.    The messages do not contain the warning required by 15 U.S.C. §1692e(11).

b.    The messages did not identify defendant. See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F.Supp. 591, 593 (N.D.Ga. 1982); *Valencia v. Affiliated Group, Inc.,* 07-61381, 2008 U.S. Dist. LEXIS 73008 (S.D.Fla., Sept. 23, 2008).

20.    15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the following conduct: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

21.    Section 1692e provides:

**§ 1692e.       False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1)    Statutory damages;

(2)    Attorney's fees, litigation expenses and costs of suit;

4

        (3)       Such other and further relief as the Court deems proper.


## COUNT II – ILLINOIS COLLECTION AGENCY ACT

22.      Plaintiff incorporates paragraphs 1-15.

23.      Defendant violated the following provisions of 225 ILCS 425/9:

**. . . (21) Failing to disclose to the debtor or his or her family the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector is engaging in debt collections and which he or she is legally authorized to use. . . .**

24.      A private right of action exists for violation of the ICAA.  <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

         WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

        (4)       Compensatory, nominal and punitive damages;

        (5)       Costs.

        (6)       Such other and further relief as is appropriate.


        /s/ Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

       Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


                 /s/ Daniel A. Edelman
                 Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

6